IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sucker Punch Gourmet, LLC,<br><br>      Plaintiff,<br><br> v.<br><br>The Pickle Juice Company, LLC,<br><br>      Defendant. | Case No.: |

**COMPLAINT**

Plaintiff Sucker Punch Gourmet, LLC ("Plaintiff" or "SuckerPunch"), through its attorneys Perkins Coie LLP, hereby brings this action against The Pickle Juice Company ("Defendant" or "PJC") for (i) a declaratory judgment of fair use of trademark and no likelihood of confusion, and (ii) for cancellation of U.S. Trademark Reg. No. 3,837,353 for the mark PICKLE JUICE.

**NATURE OF THE ACTION**

1. In this action, Plaintiff seeks a declaratory judgment to resolve an actual case or controversy between the parties as to Plaintiff's right to use the term "pickle juice" to describe its pickle juice offerings. Plaintiff's use of "pickle juice" to describe its pickle juice offering has not caused and will not cause a likelihood of confusion with Defendant or Defendant's PICKLE JUICE mark. Plaintiff is permitted to use "pickle juice" in a descriptive manner without interference from Plaintiff. Furthermore, Defendant's use of its PICKLE JUICE mark for its pickle juice product is generic and on that basis Defendant's trademark registration for PICKLE JUICE should be cancelled.

## PARTIES

2. Plaintiff Sucker Punch Gourmet, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business at 1333 Burr Ridge Parkway, Suite 200, Burr Ridge, IL 60527.

3. On information and belief, Defendant The Pickle Juice Company, LLC is a limited liability company organized under the laws of Texas, with its principal place of business at 3325 Innovative Way, Suite C, Mesquite, Texas, 75149.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment under 28 U.S.C. § 2201 *et seq.* The Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This is also an action for cancellation of a trademark pursuant to 15 U.S.C. §§ 1119 and 1064(3).

5. The Court has personal jurisdiction over Defendant PJC because PJC sells its products in stores in Illinois, does business with Illinois customers, and otherwise targets Illinois consumers in connection with its goods offered under its PICKLE JUICE mark.

6. This District is a proper venue pursuant to 28 U.S.C. § 1391(b) because Defendant does business in this District and a substantial part of the events giving rise to the claims occurred here.

## FACTUAL ALLEGATIONS

**A.    Plaintiff, Its Business, and Its SUCKERPUNCH Pickle Juice Products**

7. SuckerPunch sells pickles and other related products, including non-alcoholic drink mixes and pickle juice for hydration and digestion, all under the SUCKERPUNCH brand.

8. SuckerPunch has offered pickle juice under the SUCKERPUNCH brand since 2019.

9. Over the years SuckerPunch's pickle juice offerings have grown, and now include three varieties – "Invigorating Dill," "Exhilarating Pepper," and "Rejuvenating Ginger," as depicted below:

  

10. Each of these pickle juice offerings consists of water, vinegar, salt, flavoring, sugar, fruit juice, citric acid, among other ingredients.

11. These are the same or similar combination of ingredients that compose the juice or brine that SuckerPunch's pickles are packaged in.

12. SuckerPunch promotes its pickle juice offerings for their hydrating and/or digestive benefits, including by reducing cramping during physical workouts.

13. SuckerPunch has not and does not offer a "pickle juice" brand of products. Instead, SuckerPunch uses the term "pickle juice" to describe its pickle juice offerings, much in the way that, say, Minute Maid describes its lemonade offerings with the term "lemonade," as depicted below:

 

14. SuckerPunch owns the following U.S. trademark registrations for SUCKERPUNCH or other related marks for use in connection with, among other things, "pickle juice," all of which are valid and subsisting on the Principal Register of the U.S. Patent and Trademark Office ("PTO"):

| Mark | Reg. No. | Reg. Date | Relevant Goods/Services & First Use in U.S. Commerce |
|---|---|---|---|
| **SUCKERPUNCH GOURMET** | 6,890,395 | Nov. 1, 2022 | Pickles, pickle juice<br><br>December 2020<br>(Class 29) |
| **SUCKERPUNCH** | 7,237,000 | Dec. 5, 2023 | Pickles, pickle juice, preserved olives<br><br>December 31, 2011<br>(Class 29) |

15. Many companies offer pickle juice products and describe those products as "pickle juice."

16. For example, Tru offers Juce-branded pickle juice; Pickl'Up offers pickle juice; Best Maid offers dill pickle juice; DJ's Pickles offers pickle juice; Pickle Hydrate offers pickle

- 4 -

juice shots; Horman's Best Pickles offers kosher dill pickle juice; Evergreen and Market offers pickle juice; Mt. Olive offers dill pickle brine that it describes as "world famous pickle juice," and Good Pickle offers Texas made pickle juice. *See* Exhibit A, attached hereto.

17. Moreover, there are numerous trademark registrations on the Principal Register of the USPTO in which "pickle juice" is identified as a product covered by the marks.

18. For example, the following U.S. trademark registrations cover "pickle juice" in International Class 29: U.S. Reg. Nos. 7106778; 7116901; 7270964; 7059194; 6760386; 6869201; 6764760; 6966487; 6592006; 6543224; 6489502; 6305615; 6232335; 6556176; 6215199; 6017941; 6017944; 6285699; 5907597; 5928753; 5805548; 5665787; 5608686; 5887555; 5519015; 6251684; 5452201; 5452204; 5532007; 5531244; 5577496; 5483783; 5295559; 5477312; 5275939; 6217134; 5235378; 5424127; 5277616; 5397167; 5107898; 5011685; 5649444; 5739958; 4645220; 6026293; 6026294; 4517544; 4480318; and 4675929. *See* Exhibit B, attached hereto.

19. Finally, publications by medical organizations use the term "pickle juice" when describing the potential health benefits of consuming pickle juice.

20. For example, in a 2020 article published by the Cleveland Clinic at https://health.clevelandclinic.org/6-health-benefits-of-drinking-pickle-juice, the Cleveland Clinic discusses the potential health benefits of pickle juice. The article uses the term "pickle juice" 24 times. The Ohio State University published a similar article in 2022 at https://health.osu.edu/wellness/exercise-and-nutrition/what-can-pickle-juice-do-for-your-body. That article uses the term "pickle juice" 24 times. *See* Exhibit C, attached hereto.

21. It is clear that "pickle juice" is commonly used to describe pickle-based and/or pickle-flavored liquid.

22. Indeed, "pickle juice" is generic for pickle juice, as it describes the product category, namely, pickle juice.

**B.  Defendant and Its PICKLE JUICE Mark**

23. On information and belief, Defendant PJC markets and sells pickle-flavored beverages under the PICKLE JUICE brand, as depicted below:



24. On information and belief, PJC owns U.S. Trademark Reg. No. 3,837,353 for the PICKLE JUICE (word mark) covering "pickle-flavored soft drinks; pickle-flavored sports drinks with vitamin and mineral fortification" in International Class 32.

25. On information and belief, PJC's pickle juice consists of water, vinegar, salt, dill oil, tapioca starch, rosemary extract, potassium, and other vitamins.

26. In 2020, PJC sent a letter to SuckerPunch in which PJC asserted its purported rights in the PICKLE JUICE mark and demanded that SuckerPunch cease use of the term "pickle juice" in connection with SuckerPunch's pickle juice offerings.

27. SuckerPunch explained to PJC that, among other things, SuckerPunch did not use "pickle juice" as a trademark and that it was free to use "pickle juice" to describe its pickle juice offerings.

28. More recently, and over three years after its initial letter to SuckerPunch, in January 2024 PJC sent a letter to SuckerPunch in which it accused SuckerPunch of trademark infringement and demanded that SuckerPunch cease all use of "pickle juice" including to describe its pickle juice offerings.

29. The PICKLE JUICE mark is comprised of two common and descriptive words: "pickle" and "juice."

30. The term "pickle" means a cucumber preserved in vinegar, brine, or a similar solution, or something that is similarly flavored.

31. The term "juice" means the liquid from fruits and vegetables but also refers more generally to flavored liquids.

32. The primary significance of the term "pickle juice" to the relevant consuming public is the generic description of pickle-based or pickle-flavored liquid.

33. As described above, numerous businesses use the term "pickle juice" to describe pickle brine, pickle juice, and/or pickle-flavored liquids.

34. Medical professionals also use the term "pickle juice" to describe pickle-based and/or pickle-flavored liquids.

35. PJC's trademark registration for PICKLE JUICE covers "pickle-flavored soft drinks" and "pickle-flavored sports drinks with vitamin and mineral fortification."

36. PJC uses the PICKLE JUICE mark in commerce with the exact goods described by the mark: pickle-flavored liquid.

37. Pickle juice is a thing, not a brand, and the law does not permit one party to exclude the public's use of a descriptive and generic term to describe the very thing identified by the term.

38. PJC's PICKLE JUICE mark is generic, not protectable, and should be cancelled.

## **FIRST CLAIM FOR RELIEF**

### **Declaratory Judgment of Fair Use of Trademark and No Likelihood of Confusion (28 U.S.C. §§ 2201-2202)**

39. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated.

40. Defendant has alleged that it owns protectable rights in the PICKLE JUICE mark and that SuckerPunch's use of "pickle juice" is likely to cause confusion with its mark and/or PJC.

41. SuckerPunch denies that its use of "pickle juice" to describe its pickle juice offerings is a trademark use that PJC is entitled to exclude.

42. Under the doctrine of fair use, SuckerPunch is permitted to use "pickle juice" to describe its pickle juice offerings.

43. SuckerPunch denies that it's use of "pickle juice" to describe its pickle juice offerings is likely to cause confusion with Defendant's PICKLE JUICE mark and/or Defendant.

44. SuckerPunch has been and will continue to be damaged by the persistent threat and uncertainty created by Defendant with respect to Plaintiff's use of the term "pickle juice."

45. Accordingly, Plaintiff is entitled to a declaration by this Court that Plaintiff's use of "pickle juice" is (1) descriptive, (2) permitted under the doctrine of fair use, (3) and not likely to cause confusion with Defendant's PICKLE JUICE mark or Defendant.

## SECOND CLAIM FOR RELIEF

### Cancellation of U.S. Trademark Registration 3,837,353
### (15 U.S.C. § 1121)

46. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated.

47. The term "pickle juice" describes pickle-based and pickle-flavored liquid.

48. Defendant's PICKLE JUICE mark covers and is used with Defendant's offerings for pickle-flavored liquid, i.e., pickle juice.

49. For all of the foregoing reasons, the PICKLE JUICE mark fails to function as a trademark or brand identifier given that "pickle juice" is the generic description of the goods offered by Defendant under the PICKLE JUICE mark.

50. U.S. Registration No. 3,837,353 must be cancelled pursuant to 15 U.S.C. § 1064.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

A. An order declaring that:

(1) Plaintiff's use of the term "pickle juice" is descriptive and permitted under the doctrine of fair use;

(2) Plaintiff's use of the term "pickle juice" is not likely to cause confusion with Defendant's PICKLE JUICE mark or Defendant;

B. A permanent injunction enjoining Defendant, its officers, agents, distributors, and employees from interfering in any manner with Plaintiff's use of the term "pickle juice" to describe its pickle juice offerings;

C. An order directing the USPTO to cancel U.S. Trademark Registration No. 3,837,353 in its entirety; and

D.      Such other and further relief to which Plaintiff may be entitled.

Dated:  February 22, 2024                    Respectfully submitted,

/s/ *Thomas L. Holt*
Thomas L. Holt (6243134)
*THolt@perkinscoie.com*
Jeremy L. Buxbaum (6296010)
JBuxbaum@*perkinscoie.com*
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60603
Phone:  (312) 324-8400
Fax:  (312) 324-9400

*Attorneys for Plaintiff,*
*Sucker Punch Gourmet, LLC*